

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann

~~WILSON~~xxx

ATTORNEY GENERAL

Hon. F. E. Mitchell
County Attorney
Callahan County
Baird, Texas

Opinion No. O-4845
Re: Liability of district for salary
of school superintendent

Dear Sir:

We have received your letter of recent date which we quote in part as follows:

"The trustees of Putnam Independent School District in Callahan County employed a superintendent in the summer of 1941, on a yearly basis, the salary to be paid in monthly installments. The term of such employment was from July 1, 1941 to July 1, 1942.

"Said superintendent closed the school term about May 20, 1942, and was paid the monthly installment for the month May, 1942. The superintendent then left before June 1, 1942, and secured employment elsewhere, moving away from the school district and having no further contact with the school. He is now demanding the last monthly installment for the month of June, 1942. His theory is that under his employment he was not required to do more than finish the school for the year 1941-42, while the trustees think it was his duty to remain for the full year, in order to see after the interest of the school and the students, in such matters as making transcripts of credits, etc., and I have given them my opinion to the effect that they are correct in this matter, his employment being for the year, though paid in monthly installments. May I have your opinion as to whether or not the said superintendent is entitled to said last month's installment under the facts stated above."

Article 2781, Vernon's Annotated Civil Statutes, provides as follows:

"The Board of Trustees of any city or town or any independent school district may employ a superintendent, principal, teacher, or other executive officers in the schools therein for a term not to exceed three years, provided that the Board of Trustees of an independent school district which had a scholastic population of
5,000 or more in the last preceding scholastic year may

employ a superintendent, principal, teacher, or other executive officers in the schools therein for a term not to exceed five years. <u>All twelve-month contracts made by trustees of independent school districts with employees herein mentioned shall begin on July 1st and end on June 30th of the year terminating the contract</u>." (Emphasis added)

This opinion necessarily will be general in nature. In the first place, this department is not authorized to pass on questions of fact. In the second place, we do not have the contract of employment before us for examination. We assume that such contract was legally entered into, that it calls for services over a period of 12 months, and that the board of trustees has done nothing in the nature of breaching the contract.

You will notice that Article 2781 provides that 12 month contracts shall begin on July 1st and end on June 30th. Evidently, the board of trustees had this provision in mind when the contract was entered into. If the contract called for the services of the superintendent for a period of 12 months and the superintendent left at the end of 11 months and did not perform services during the 12th month, such action being in no way caused by the board of trustees, then it is our opinion that the school district is not liable for his salary for the 12th month.

We quote the following from Corpus Juris, Volume 56, page 396:

"The rules of law relating to the performance and breach of contracts generally, apply to contracts between teachers and the school authorities. Both parties must perform the contract according to its terms."

The following appears on page 411 of the same volume:

"Failure of the teacher to perform his part of the contract is a defense to an action by him to recover damages for its breach by the school board, as where he failed to secure a certificate, or voluntarily abandoned his employment before the end of his term."

In view of the foregoing you are respectfully advised that where a superintendent is employed under Article 2781, supra, by the board of trustees of an independent scholl district under a contract for a period of 12 months and such superintendent, through no fault or action on the part of the board of trustees, leaves at the end of the 11th month and does not perform any

Hon. F. E. Mitchell, page 3  (O-4845)


services during the 12th month of the contract, the school
district is not liable to the superintendent for his salary
for the 12th month.  This opinion is expressly limited to
the fact situation  presented and the assumptions made.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Sparks
George W. Sparks, Assistant

APPROVED OCT 9, 1942
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

GWS:db:wb